Randy SHARP, et al., Plaintiffs,

v.

Samuel RAINEY, et al., Defendants.

No. 1:95–CV–26.

United States District Court,
E.D. Tennessee.

Jan. 8, 1996.

Charles P. Dupree, Chattanooga, TN, for plaintiffs.

David F. Harrod, Carter, Harrod & Cunningham, Athens, TN, Howard L. Upchurch, Upchurch & Upchurch, Pikeville, TN, and Ronald D. Wells, Robinson, Smith & Wells, Chattanooga, TN, for defendants.

### MEMORANDUM

COLLIER, District Judge.

Before the Court is the Motion to Dismiss filed on 15 May 1995 by Defendant Samuel Rainey, III (Court File No. 10). To date, Plaintiffs have not opposed the motion. For the following reasons, the Court will GRANT the motion to dismiss.

### I. *A Motion to Dismiss under Fed. R.Civ.P. 12(b)(6)*

■ A motion to dismiss under *Fed. R.Civ.P.* 12(b)(6) requires the Court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.), *cert. denied,* 498 U.S. 867, 111 S.Ct.

182, 112 L.Ed.2d 145 (1990); *see also Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir.1994). The Court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller,* 50 F.3d at 377. However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### II. *ANALYSIS*

■ "To establish a claim under 42 U.S.C. § 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales General Hosp.,* 40 F.3d 837, 839 (6th Cir.1994). In order to demonstrate the existence of a conspiracy, a plaintiff must show more than "vague and conclusory allegations unsupported by material facts." *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

Plaintiffs have not done so.[1] Plaintiffs have done nothing more than allege a violation of 42 U.S.C. § 1985(3). While Plaintiffs' Complaint does cite to facts the Court finds troubling and which the Court does not condone, the Complaint does not adequately allege a conspiracy (*See* Court File No. 1). Moreover, taken the facts alleged by Plain-

---

1. That Plaintiffs failed to contest the motion certainly did not help demonstrate to the Court the existence of a conspiracy. The *Local Rules* of the Eastern District of Tennessee allow the Court to consider the "[f]ailure to respond to a motion [as a] waiver of any opposition to the relief sought." *Local Rule* 7.2.

tiffs as true, those facts do not allege a federal cause of action.

Accordingly, the Court will **GRANT** the motion to dismiss filed by Defendant Samuel Rainey, III (Court File No. 10).

An Order will enter.

### ORDER

In accordance with the accompanying Memorandum, the Court **GRANTS** the Motion to Dismiss filed by Defendant Samuel Rainey, III (Court File No. 10).

**SO ORDERED.**