77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles COTTEN, Plaintiff-Appellant,
v.
GENERAL MOTORS FISHER-BODY DIVISION, Payroll Deduction U.S.
Savings Bond, Defendant-Appellee.
 No. 95-3661.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This pro se Ohio litigant appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. §§ 1983 & 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Charles Cotten sued the "General Motors Fisher-Body Division Payroll Deduction U.S. Savings Bonds." Cotten claimed that the defendant owes him for United States Savings Bonds which were supposed to have been purchased on his behalf when he worked for General Motors. The district court dismissed the complaint sua sponte as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 3
 On appeal, Cotten argues that the district court did not consider his complaint with the required liberality due a pro se litigant, and he reasserts the claim he set forth in the district court.
 
 
 4
 This court reviews a judgment dismissing a complaint as frivolous under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 31-34 (1992). A complaint permitted to be filed without prepayment of costs under 28 U.S.C. § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. Claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Id.
 
 
 5
 Cotten's claim is frivolous because it lacks an arguable basis in law. Cotten claims that the defendant deprived him of savings bonds it was supposed to be buying for him from a payroll deduction. In order to be subject to suit under § 1983, a defendant's conduct must be fairly attributable to the state. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Traditionally, courts have used three tests to determine whether a defendant's conduct can be fairly attributable to the state: 1) whether the defendant exercised powers which are traditionally reserved to the state exclusively, see West v. Atkins, 487 U.S. 42, 49-50 (1988) (public function test); 2) whether the state exercised such coercive power that the choice of the private actor is deemed to be that of the state, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 170 (1970) (state compulsion test); or 3) whether the defendant and the state enjoyed a sufficiently close nexus, see Burton v. Wilmington Parking Auth., 365 U.S. 715, 721-26 (1961) (symbiotic relationship or nexus test). The defendant in this case does not meet any of the foregoing tests. General Motors is a publicly held corporation in the business of building automobiles. Nothing in the record suggests that General Motors performs a public function, is compelled by the state to perform its business, or enjoys a close nexus with the state. Thus, any act or omission on the part of General Motors is not fairly attributable to the state, and Cotten cannot make the required showing to state a claim for relief pursuant to § 1983. Cotten's § 1983 claim lacks an arguable basis in law.
 
 
 6
 Similarly, Cotten's contention that the defendant violated his rights under § 1985 is frivolous. In order to prove a private conspiracy in violation of the first clause of § 1985(3), a plaintiff must prove: 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; 3) an act in furtherance of the conspiracy; and 4) which caused injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. Johnson v. Hills & Dales Gen. Hosp., 40 F.3d 837, 839 (6th Cir.1994), cert. denied, 115 S.Ct. 1698 (1995). The plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). The record is devoid of any suggestion that any of the foregoing elements are present in this case. Thus, Cotten's § 1985 claim lacks an arguable basis in law.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.