**Leozie PEARSON, Jr. and Carol Pearson, Plaintiffs–Appellants,**

**v.**

**Harrison DUCK, Defendant–Appellee.**

**No. 88–3106.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 7, 1988.

Decided April 4, 1989.

Ronald G. Macala, Randall Vehar (argued), Green, Haines, Sgambati, Murphy & Macala, Canton, Ohio, for plaintiffs-appellants.

Keith L. Pryatel (argued), John E. Holcomb, Millisor & Nobil, Akron, Ohio, for defendant-appellee.

Before WELLFORD and BOGGS, Circuit Judges, and SIMPSON, District Judge.*

BOGGS, Circuit Judge.

The Pearsons appeal the dismissal of their race discrimination action under Fed. R.Civ.P. 12(b)(6). The trial judge first dismissed on grounds that the suit was time-barred, but then reversed and vacated his judgment, ultimately granting Duck's motion to dismiss on the grounds that the Pearsons had failed to allege a breach of or refusal to contract, which the judge held was necessary to state a claim under 42 U.S.C. § 1981. We affirm.

**I**

The Pearsons, a black couple, filed suit on June 23, 1987, alleging that Duck, individually and in conspiracy with the City of East Liverpool, deprived them of their rights (as they state them) to "make and enforce contracts, to sue, to be parties, to give evidence, and to receive the benefits of the laws," all of which are protected by 42 U.S.C. § 1981. On the basis of pendent jurisdiction, the Pearsons also brought a state claim for tortious interference with contract, and Mrs. Pearson claimed loss of consortium.

Duck did not file an answer to the complaint, but instead, filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on July

* The Honorable Charles R. Simpson III, United States District Judge for the Western District of Kentucky, sitting by designation.

14, 1987. He argued that the § 1981 claim was time-barred, and that the Pearsons failed to state a claim under that statute. Duck attached his own affidavit to this motion. The Pearsons filed a brief in opposition, with an affidavit of their attorney attached. Duck then filed a reply brief; and on August 19, 1987, the Pearsons filed their first discovery request, to which Duck did not respond. Instead, Duck filed a motion to extend the discovery cut-off date. However, prior to ruling on that motion, on September 21, 1987, the trial court dismissed the § 1981 claim on the basis of the statute of limitations, citing this court's decision in *Demery v. City of Youngstown,* 818 F.2d 1257 (6th Cir.1987), which held that a one year statute of limitations should be applied retroactively.

Three days later, on September 24, 1987, the district judge vacated his earlier judgment, based on his being apprised of this court's grant of rehearing and subsequent reversal of its decision regarding the retroactivity of *Demery.* The trial judge ordered the parties to brief the issue of the effect of this reversal. On October 27, 1987, pursuant to Fed.R.Civ.P. 56(f), the Pearsons filed a second affidavit of their attorney, attaching the earlier discovery request to it.

On December 31, 1987, the trial judge granted Duck's motion to dismiss, finding that although the Pearsons' claim was timely filed, the Pearsons had failed to state a claim under § 1981. Consequently, the district judge declined to exercise pendent jurisdiction over the state claims.

## II

The events giving rise to this action began when the Pearsons' son, who is black, and Duck's daughter, who is white, became friends in the fall of 1983. Although both sets of parents objected, the children persisted in their friendship. The children would telephone each other occasionally, and when anyone but the other child answered, the children would hang up. The parents met to discuss these phone calls, after which Mr. Pearson claims to have strongly disciplined his son for his behav-

ior, making it clear that these phone calls were to cease. The Pearsons allege that Duck knew or should have known of Pearson's discipline of his son, and that the calls were not made for the purpose of threatening or harassing the Ducks.

The children persisted in their friendship, and Duck subsequently filed a charge with the City of East Liverpool's Law Director and/or City Solicitor, alleging that Mr. Pearson was responsible for harassing phone calls made to the Ducks' residence. On or about September 16, 1983, Mr. Pearson was served with a summons and complaint alleging that he had "made or caused to be made or permitted a telephone call or calls to be made from a telephone under his control *for the purpose* to abuse, threaten, annoy, or harass another person." (emphasis in original). An amended complaint, which charged that the alleged actions were "knowingly" made or "knowingly permitted" to be made, cited Ohio Revised Code § 2917.21(A)(1), violation of which is a first degree misdemeanor.

On March 8, 1984, a trial was held in municipal court, at which Mr. Pearson was found guilty and sentenced to thirty days in jail and fined $250, though these penalties were suspended. However, costs were charged against Mr. Pearson. On June 25, 1985, the Court of Appeals of Ohio for the Seventh District reversed the conviction on the basis of a speedy trial violation.

The City, which had prosecuted these charges against Pearson, refused to prosecute similar charges against Duck, although Pearson filed a similar complaint with the City. Nearly two years after the final resolution of the criminal charges against Pearson, the Pearsons filed suit in federal court, alleging that Duck and the Law Director and/or City Solicitor conspired to interfere with the Pearsons' contractual rights with the telephone company and with their rights to "enforce contracts, sue, be parties, give evidence, and enjoy the full and equal benefits of the laws," as protected by 42 U.S.C. § 1981. The Pearsons also alleged that they suffered mental anguish, humiliation, stress, anxiety, and embarrassment, and have been "held up to

ridicule within their community" as a result of these violations. The City was not named in the suit.

The District Court dismissed, as noted above, reasoning that any attempted interference with the contract between the Pearsons and the telephone company did not result in a disruption of service; there was no breach of contract; and, thus, there was no cause of action under § 1981. The trial judge did not address the Pearsons' argument that the "equal benefit" and "like punishment" provisions of § 1981 were violated; nor did he resolve the pendent state law claims.

### III

On appeal, the Pearsons contend that they stated a claim under § 1981, and that their state claims should have been decided by the trial judge. Duck presses his contentions that the suit is time-barred, and that the trial judge was correct in all other respects.

The trial judge found that the Pearsons had failed to state a claim under § 1981 upon which relief could be granted, and thus dismissed the claim under Fed.R. Civ.P. 12(b)(6). Section 1981 states

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981. The trial judge reasoned that the Pearsons could not show any interference with the contract between themselves and the telephone company, and thus they had failed to state a claim. The Pearsons challenge this reasoning, and, in addition, claim that the judge erred in failing to address their contentions regarding the "full and equal benefit" and "like punishment" clauses of the statute.

### A

The trial judge dismissed the civil rights claims based on his finding that the Pearsons' complaint failed to allege facts sufficient to base a claim of interference with contract. Both the words of the statute and our understanding of its intent lead us to the conclusion that the trial judge was not in error. The language of section 1981 clearly focuses on contractual rights. 42 U.S.C. § 1981. Further, courts have often noted that "§ 1981, by its terms, is designed to protect the right to make and enforce contracts...." *London v. Coopers & Lybrand,* 644 F.2d 811, 818 (9th Cir.1981). Here, there was no specific statement in the Pearsons' complaint of how Duck conspired, planned or attempted to interfere, or actually interfered, with the contract between the Pearsons and the phone company, or with the Pearsons' right to make such a contract. Thus, we find the trial judge's reasoning persuasive.

### B

The Pearsons also claim that the trial judge did not address their claims of violation of the "full and equal benefits" and "like punishment" provisions of section 1981. However, it should be kept in mind that, although the Pearsons have alleged deprivations of the "full and equal benefits" and "like punishment" clauses of § 1981, as well as denial of their rights to sue and be parties, they have named only Duck as a defendant in this suit. If there is an unfairness in the fact that Pearson was prosecuted for conduct apparently similar to that for which Duck was not prosecuted, it cannot be blamed on Duck alone. The Pearsons imply that Duck and the Law Director and/or Solicitor General conspired to deprive them of their rights. However, the Law Director and/or Solicitor General is not named in the suit; and Duck alone could not have *caused* this type of harm.

### IV

As much as this court finds many of the actions surrounding this case to be reprehensible, we do not think that the actions brought by the Pearsons are the proper

means for redressing the situation. Thus, they have failed to state a claim for which relief can be granted. We therefore AFFIRM the trial court's dismissal of this action.