935 F.2d 270
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leozie PEARSON, Jr. and Carol Pearson, Plaintiffs-Appellees,
v.
Harrison DUCK, Defendant-Appellant.
 No. 90-3322.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1991.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 Duck appealed the district court's denial of attorney fees pursuant to 42 U.S.C. section 1988 and 23 U.S.C. section 1927. Section 1988 allows an award of fees to the "prevailing party" in certain civil rights actions, here, 42 U.S.C. section 1983. Section 1927 provides for an award of attorney fees, costs, and expenses against a party who unreasonably and vexatiously multiplies the proceedings in any case. We affirm the district court's decision.
 
 
 2
 The Pearsons' section 1983 complaint, was dismissed by the district court on December 31, 1987. At that time, the district court dismissed the pendent state claims without prejudice. The Pearsons refiled these claims in state court. They also appealed the dismissal of their federal claims. This court affirmed the trial court's dismissal of the claims. Pearson v. Duck, 871 F.2d 579 (6th Cir.1989), cert. denied, 110 S.Ct. 723 (1990). The Pearsons sought rehearing of this decision, which was denied, and petitioned for certiorari, which was also denied.
 
 
 3
 After this court affirmed the district court's dismissal of the complaint, Duck filed a motion in district court requesting fees and costs for defending the motion for rehearing and the petition for certiorari. Duck also moved the trial court to consider the state proceedings as "background" evidence to demonstrate the vexatiousness of the multiple proceedings.
 
 
 4
 The district court did not abuse its discretion in denying fees and costs to Duck. Under section 1988, a plaintiff should not be assessed the adversary's fees unless the court concludes the claim was "frivolous, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700-701 (1978). The district court noted that the factual predicate for the Pearsons' section 1981 claim was not frivolous, that the breadth of relief available under the section 1981 claim was uncertain at the time the Pearsons initiated the action, and that this circuit, in reviewing the dismissal of the complaint, had considered the section 1981 claim and characterized the underlying conduct as "reprehensible." Thus, the district court properly denied Duck a section 1988 award.
 
 
 5
 In regard to the section 1927 claim, Duck urged the district court to consider the state court proceedings as well as the initial proceedings before the district court in determining whether the Pearsons unreasonably multiplied the proceedings. The district court correctly focused on the appellate proceedings rather than the state or district court proceedings. The district court concluded that since the claims were not unreasonable for purposes of section 1988, pursuit of appellate review of these same claims could not unreasonably multiply the proceedings for purposes of section 1927. This court affirms the district court's refusal to consider the state proceedings for the reasons set forth by the district court, Pearson v. Duck, No. 87-1566 (N.D.Ohio Mar. 6, 1990). The decision and order of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Court Judge for the Eastern District of Michigan, sitting by designation