No. 90–1671. HULL v. SHUCK ET AL. C. A. 6th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE MARSHALL joins, dissenting.

One of the questions presented in this case is whether the "intracorporate conspiracy" rule, which holds that employees of a single entity cannot conspire with each other, applies to claims brought under 42 U. S. C. § 1985(3). We expressly left open that issue in *Great American Fed. Sav. & Loan Assn.* v. *Novotny*, 442 U. S. 366, 372, n. 11 (1979).

Here, petitioner alleged that several school district officials engaged in a racially motivated conspiracy to deprive her of her constitutional rights, in violation of § 1985(3). In affirming the District Court's grant of summary judgment in favor of the officials, the Court of Appeals applied the intracorporate conspiracy rule, reasoning that "[s]ince all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." 926 F. 2d 505, 510 (1991).

As respondents admit, see Brief in Opposition 6, the decision below conflicts with the decisions of at least two other Courts of Appeals. See *Stathos* v. *Bowden*, 728 F. 2d 15, 20–21 (CA1 1984); *Novotny* v. *Great American Fed. Sav. & Loan Assn.*, 584 F. 2d 1235, 1259, and n. 125 (CA3 1978) (en banc), vacated on other

grounds, 442 U. S. 366 (1979). I would grant certiorari on question 1 presented in the petition to resolve the conflict.