67 F.3d 299
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson BARNES, Jr., Plaintiff-Appellant,
v.
CITY OF KENT; Suzanne Moon, et al., Defendants-Appellees.
 No. 94-4309.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1995.
 
 Before: KRUPANSKY, MILBURN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Carson Barnes, Jr., appeals a district court judgment granting summary judgment in favor of the defendants in this civil rights action filed pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. Secs. 2000e, et seq.), and 42 U.S.C. Secs. 1981, 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Barnes sued the City of Kent, Ohio (Kent), and several Kent officials and employees alleging that he was discriminated against because of his race in: 1) the Kent defendants' failure to allow Barnes to formally apply for a position as the Director of the Kent Department of Community Development in July, 1990; 2) the Kent defendants' maintenance of a racially exclusive policy of recruiting, hiring, and promotion; 3) the Kent defendants' investigation of allegations of Barnes's sexual harassment; and 4) the Kent defendants' "retaliatory" actions in disciplining Barnes. Barnes also asserted a claim under 42 U.S.C. Sec. 1983 stemming from Due Process violations in the pretermination and Commission hearings. Barnes sought injunctive relief, compensatory and punitive damages, and front and back pay.
 
 
 3
 On October 31, 1994, the district court filed a memorandum of opinion granting summary judgment in favor of the defendants. Judgment was entered November 1, 1994. This appeal followed.
 
 
 4
 As a preliminary matter, we must address the defendants' motion to dismiss for failure to file an appendix. Because Barnes is proceeding pro se, we will suspend the appendix requirement in this case. Fed.R.App.P. 2. The motion to dismiss is denied.
 
 
 5
 Upon review, we affirm the grant of summary judgment because there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994); Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994).
 
 
 6
 Summary judgment in favor of defendant Moon was proper. There is no colorable argument that Moon is an employer within the meaning of Title VII. See 42 U.S.C. Sec. 2000e(b). Moreover, Moon engaged in no activity proscribed by Title VII; she did not fire or discriminate against Barnes because of his race.
 
 
 7
 Also, Sec. 1981 is inapplicable to Barnes's claims against defendant Moon as the complaint did not allege the existence of a contract between Barnes and defendant Moon. Saint Francis College v. Al-Khazraji, 481 U.S. 604, 609 (1987).
 
 
 8
 Summary judgment was proper to the extent Barnes asserted a claim against defendant Moon under Sec. 1985 because Barnes's complaint merely contained broad and conclusory language void of factual allegations necessary to support a conspiracy theory against defendant Moon. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 9
 Summary judgment was also proper to the extent Barnes asserted a claim against defendant Moon under Sec. 1983 because Barnes failed to show that defendant Moon is cloaked with state authority to render her subject to suit. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Simescu v. Emmet County Dep't of Social Servs., 942 F.2d 372, 374 (6th Cir.1991). Furthermore, witnesses are absolutely immune from civil liability under Sec. 1983. See Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985).
 
 
 10
 Summary judgment was proper to the extent that Barnes asserted a Sec. 1983 claim on the 1990 failure to promote. The complaint, filed August 16, 1993, is barred by Ohio's applicable two year statute of limitations. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc).
 
 
 11
 Summary judgment in favor of the Kent defendants was proper on Barnes's Title VII and Sec. 1981 claims because Barnes has not carried his initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Furthermore, the record is replete with evidence that Barnes engaged in sexual harassment of co-employees as well as members of the public. The Kent defendants submitted undisputed evidence that they took an adverse job action against Barnes because he engaged in a pattern of sexual harassment both on and off the job.
 
 
 12
 Summary judgment was proper to the extent Barnes asserted a Sec. 1983 claim under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-48 (1985). Barnes received a complete chance to defend himself, per Loudermill's requirements.
 
 
 13
 Finally, because Barnes has attached to his reply brief documents that are immaterial to this appeal and not part of the record, we grant the defendants' motion to strike portions of Barnes's reply brief containing those documents. Fed.R.Civ.P. 12(f).
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.