Charles E. HAYES, Sr., and Mic Shel Motors, Inc., and Hayes and Son Body Shop, Inc., Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

No. 99–2963 DV.

United States District Court,
W.D. Tennessee,
Western Division.

May 8, 2000.

William A. Cohn, The Cohn Law Firm, Cordova, TN, for plaintiffs.

Lisa A. Krupicka, Burch Porter & Johnson, Memphis, TN, Steve Levy, Mary L. Mills, Sonnenschein Nath & Rosenthal, Chicago, IL, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

Before the court is Defendant Allstate Insurance Company ("Allstate")'s motion to dismiss for failure to state a claim. Plaintiffs Charles Hayes, Sr. ("Hayes"), Mic Shel Motors, Inc. ("Mic Shel"), and Hayes and Son Body Shop, Inc. ("Hayes and Son") allege that Allstate has engaged in unlawful racial discrimination by intentionally excluding most African–American owned body shops from its list of favored body shops in Shelby County. Plaintiffs allege that Allstate has violated 42 U.S.C. §§ 1981, 1983, and 1985, and the Fourteenth Amendment to the Constitution. For the reasons stated herein, Allstate's motion to dismiss is granted.

### I. Background Facts

For purposes of this motion to dismiss, the court accepts as true the facts pled by Plaintiffs. Plaintiff Hayes is an African–American who operates the Hayes and Son Body Shop in Shelby County. Mic Shel is another Shelby County auto body repair shop. Both facilities are Tennessee corporations. Allstate is an insurance company which sells and services automobile insurance policies, including in Shelby County.

Allstate maintains a list of favored auto body repair facilities in Shelby County, what it refers to as Priority Repair Option (or "PRO") shops. Defendant offers inducements to encourage its policy-holders

who need auto body repair work to have the work done at one of the PRO shops.

The record is devoid of any information about how many auto body shops exist in Shelby County or how many of those shops are owned by African–Americans or how many are Allstate PRO shops. However, only one African–American owned Shelby County body shop is a PRO shop. Plaintiffs allege that the lack of more African–American PRO shops is due to Defendant's anti-African-American racial bias, and that through its discriminatory policy, Allstate is harming Plaintiffs' business.

In the instant lawsuit, Plaintiffs claim that Allstate is in violation of three federal civil rights statutes, 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiffs also allege that Defendant has violated the 14th Amendment to the United States Constitution. Plaintiffs argue that the court should certify this lawsuit as a class action for the class of all African–American owned body shops in Shelby County. Defendant moves to dismiss all of the claims.

## II.  Motion to Dismiss Standard

A party may bring a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion to dismiss under Fed. R.Civ.P. 12(b)(6) is to test the formal sufficiency of the claim, not to resolve the facts or merits of the case. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). This motion only tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste scarce judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Generally, a motion for failure to state a claim under Fed.R.Civ.P. 12(b)(6) should be made prior to the filing of a responsive pleading. 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (West 1990). However, later filing may be permitted. Fed.R.Civ.P. 12(h).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 405 (6th Cir.1998). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99; *Westlake,* 537 F.2d at 858. The complaint need not specify all the particularities of the claim, *id.,* and if the complaint is merely vague or ambiguous, a motion under Fed.R.Civ.P. 12(e) for a more definite statement is the proper avenue rather than under Fed.R.Civ.P. 12(b)(6). 5A Wright & Miller, Federal Practice & Procedure § 1356 (West 1990). However, the plaintiff has an obligation to allege the essential material facts of the case. *Scheid,* 859 F.2d at 436–37. All facts taken as true in the complaint must be "well-pleaded." *Lewis,* 135 F.3d at 405. "Well-pleaded facts" refers to those facts which are legally capable of being proved. 71 C.J.S. Pleading § 426 (1951).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683; *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), cert. denied, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827; *Murphy v. Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir.1997), cert. denied, 523 U.S. 1106, 118 S.Ct. 1675, 140 L.Ed.2d 813 (1998). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

## III. Analysis

### A. The § 1983 and 14th Amendment Claims

Defendant argues that Plaintiff's § 1983 claim and 14th Amendment claim should be dismissed because Plaintiff has failed to allege that Allstate acted under color of state law. Section 1983 reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Therefore there are two requirements to any § 1983 claim. A plaintiff must allege both a deprivation of a right secured by the Constitution or federal law, and that the deprivation was caused by a person acting under color of state law. *Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991) (citing *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)).

The 14th Amendment reads in pertinent part:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdictions the equal protection of the laws.

U.S. Const. amend. XIV § 1.

Thus a 14th Amendment claim, like a § 1983 claim, must allege that the deprivation of a right was caused by state action. *Rendell–Baker v. Kohn,* 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). *See also United States v. Price,* 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). "The Fourteenth Amendment and 42 U.S.C. § 1983 erect 'no shield against merely private conduct however discriminatory or wrongful.'" *Mineo v. Transportation Management of Tenn., Inc.,* 694 F.Supp. 417, 423 (M.D.Tenn.1988) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).

Defendant is a private insurance company, and therefore these claims should be dismissed unless there is an applicable exception to the state action requirement. A private actor can be held to have acted under color of state law in certain narrow circumstances where its action may be fairly attributed to the state. *See American Manufacturers Mutual Insurance Co. v. Sullivan,* 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Here Plaintiff argues that Allstate should be held to have acted under color of state law because it is fully regulated by the state of

Tennessee. However, contrary to Plaintiff's contention, this argument has been expressly rejected by the Sixth Circuit.

■ The Sixth Circuit has developed three tests under which a private entity can be held liable under the 14th Amendment or § 1983. *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir.2000). The only test even remotely applicable here is the "nexus" or "symbiotic relationship" test, under which "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Id.* at 830 (quoting *Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir.1992)). This cannot save Plaintiff's claims because "it is now well-established that state regulation, even when extensive, is not sufficient to justify a finding of a close nexus between the state and the regulated entity." *Id.See also American Manufacturers*, 526 U.S. 40, 119 S.Ct. 977, 143 L.Ed.2d 130 (holding that action of private, state-regulated, insurance company not under color of state law); *Rendell–Baker*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (holding that private school's decisions not attributable to state, despite extensive state regulation of school); *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (holding that nursing home not a state actor despite extensive state regulation of the industry); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (holding that heavily regulated electric company's decision is not a state action); *Adams v. Vandemark*, 855 F.2d 312 (6th Cir.1988) (holding private corporation not a state actor despite being subject to state regulation). It is clear that Allstate is not acting under color of state law, and that it cannot be considered a government actor merely because it does business in a heavily regulated industry. Therefore Defendant's motion to dismiss Plaintiff's § 1983 and 14th Amendment claims is GRANTED.

### B. The § 1985 Claim

■ Plaintiffs also claim that Defendant has conspired to violate their civil rights, in violation of 42 U.S.C. § 1985. To survive a motion to dismiss a § 1985 claim, a plaintiff must allege each of the following elements: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons of equal protection or equal privileges and immunities under the laws; (3) motivated by a class-based invidiously discriminatory animus; and (4) an act in furtherance of the conspiracy; (5) whereby a person is injured in his person or property or deprived of a right or privilege of a United States citizen. *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971)).

Even where conspiracy is alleged, a § 1985 claim must nevertheless be dismissed if material facts in the pleadings fail to support a conclusory claim of conspiracy. *Barkley v. City of Jackson*, 705 F.Supp. 390, 392 (W.D.Tenn.1988) (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984)). *See also Brooks v. American Broadcasting Cos., Inc.*, 932 F.2d 495, 499 (6th Cir.1991) (dismissing a § 1985 claim because "the allegations are too vague and conclusory to withstand a motion to dismiss.").

■ In the case at bar, Plaintiffs have failed to provide any facts in support of their conclusory claim of conspiracy. Moreover, the conspiracy they allege is between Allstate and its employees. Yet it is clear that such a claim is barred by the intracorporate conspiracy doctrine. *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir.), cert. denied, Hull v. Shuck, 501 U.S. 1261, 111 S.Ct. 2917, 115 L.Ed.2d 1080 (1991). That theory states that "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the

agent are the acts of the corporation." *Doherty v. American Motors Corp.*, 728 F.2d 334, 339 (6th Cir.1984) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir.1952)). (*See also Lindsey v. Allstate Ins. Co.*, 34 F.Supp.2d 636 (W.D.Tenn.1999)).

■ The Sixth Circuit has recognized an exception to the intracorporate theory in order to avoid immunizing all private conspiracies in which the actors coincidentally were employees of the same company. *See Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 840 (6th Cir.1994), cert. denied, 514 U.S. 1066, 115 S.Ct. 1698, 131 L.Ed.2d 560 (1995). Under this exception, a corporation can conspire with its employees if those employees are acting outside the scope of their employment at the time of their collaboration with the corporation. *Id.* However, in the present case, Plaintiffs have failed to allege that Defendant's agents were acting outside the scope of their employment in conspiring against Plaintiffs. In any case, the mere fact that an activity is illegal or inappropriate does not, without more, render that activity outside the scope of employment. The concept of acting within the scope of employment in the context of a conspiracy allegation assists courts in distinguishing "between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." *Id.* Thus Plaintiffs could not successfully argue that acts of racial discrimination are by definition outside the scope of employment.

Plaintiffs have not sufficiently pled material facts in support of their § 1985 claim. Furthermore the conspiracy they allege is between Allstate and its employees, which, even if true, would not violate § 1985 because of the intracorporate conspiracy doctrine. Accordingly, Defendant's motion to dismiss this claim is GRANTED.

### C. The § 1981 Claim

Finally, Plaintiffs claim that Defendant has violated 42 U.S.C. § 1981. That statute in pertinent part reads:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . . For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C. § 1981.

■ In order to survive a motion to dismiss, a § 1981 plaintiff must establish a prima facie case of discrimination under the test first developed by the Supreme Court for use in the Title VII context in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Jackson v. City of Columbus*, 194 F.3d 737, 751–52 (6th Cir.1999); *Reese v. City of Southfield*, 1998 WL 552841, *4 (6th Cir.1998). A § 1981 plaintiff establishes a prima facie case of discrimination by showing that:

A. it is a member of a racial minority;

B. it attempted to contract, or sought "the benefit of laws . . . enjoyed by white citizens";

C. it was qualified to do so; and

D. the contract or benefit was still available after the plaintiff was turned away.

*Reese*, 1998 WL 552841 at *5 (citing *Chauhan v. M. Alfieri Co., Inc.*, 897 F.2d 123, 127 (3rd Cir.1990)).

■ In the instant case, Plaintiffs have failed to establish any of the latter three elements of a prima facie case. Plaintiffs' claim fails the second and fourth require-

ments of a prima facie case of discrimination under § 1981 for the most basic of reasons: they have not alleged the existence of any contract. Plaintiffs complain that Defendants maintain a list of favored auto body repair shops, but make no claim that this list amounts to a contract. Section 1981 focuses on and is designed to protect the right to make and enforce contracts. *See Pearson v. Duck*, 871 F.2d 579, 581 (6th Cir.1989). In *Barnes v. City of Kent*, the Sixth Circuit found that § 1981 was inapplicable to the plaintiff's claims because "the complaint did not allege the existence of a contract between [the parties]." 1995 WL 566969 at *1 (6th Cir.1995). The same is true here.

Moreover, Plaintiffs have not alleged that they meet the eligibility requirements to become an Allstate PRO shop, and therefore their claim also fails the third prong of the prima facie test. In *Reshan International, Inc. v. City of Kalamazoo*, the Sixth Circuit affirmed a grant of summary judgment on a § 1981 claim where "the court found that the plaintiff had not established that he was qualified for the contract on which he bid ..." 1999 WL 71606 at *1 (6th Cir.1999). In this case Plaintiffs have not even alleged that they are qualified. Plaintiffs have failed to allege facts in support of their claim that Allstate has interfered with their right to make and enforce contracts, and therefore Allstate's motion to dismiss the § 1981 claim must be GRANTED.

### D. Class Action Certification

In addition to the claims discussed and dismissed supra, Plaintiffs have asked the court to certify this lawsuit as a class action involving all African–American automobile body repair shops in Western Tennessee. Defendant argues that class certification is inappropriate here, but the court need not address any of these issues since the entire case is now dismissed.

### IV. Conclusion

Based on all the foregoing, Defendant's motion to dismiss Plaintiffs' claims under 42 U.S.C. §§ 1981, 1983, and 1985 is GRANTED. Defendant's motion to dismiss Plaintiffs' 14th Amendment claim is also GRANTED.