Vivian JOHNSON, Plaintiff–Appellant,

v.

**HILLS & DALES GENERAL HOSPITAL, et al., Defendants–Appellees.**

No. 93–1854.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 3, 1994.

Decided Nov. 16, 1994.

Melissa Zakiya El (argued and briefed), Detroit, MI, for plaintiff-appellant.

Karen B. Berkery (briefed), Mark D. Willmarth, Linda M. Garbarino (argued), Elizabeth I. Huldin, Kitch, Drutchas, Wagner & Kenney, Detroit, MI, for defendants-appellees.

Before: MILBURN, DAUGHTREY and WEIS *, Circuit Judges.

WEIS, Circuit Judge.

Because a corporation cannot conspire with itself, employees of the company gener-

---

* The Honorable Joseph F. Weis, Jr., Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

ally cannot be liable for a conspiracy under the Civil Rights Act, 42 U.S.C. § 1985(3). In this appeal, we conclude that an exception to that rule exists when the challenged activity takes place outside the course of employment. In this case, the evidence does not establish that the employees' conduct meets that standard, and therefore, we will affirm the district court's grant of summary judgment to defendants.

## I.

Plaintiff, a black physician, was employed by the MasterCare Corporation, a company that provides hospitals with physicians to staff emergency rooms. Although the physicians work in the hospital, they remain employees of MasterCare and their assignments may be terminated at the hospital's request.

Under this arrangement, plaintiff worked at defendant Hills & Dales General Hospital for a number of weekends in the period between October 1989 and April 1990. During this time, she experienced some hostility from various hospital employees and was subjected on one occasion to a derogatory racial remark. The employees complained that plaintiff ordered excessive diagnostic testing and that she unnecessarily called in employees for weekend assignments. They also criticized the plaintiff's professional competence and, ultimately, wrote a letter to the hospital administration complaining about her performance. Based on this letter indicating discord between the staff and plaintiff, the hospital president asked MasterCare to assign a different physician to the Hills & Dales emergency room.

Asserting that she had been reassigned because of racial discrimination, plaintiff sued the hospital, its president, and the members of the staff who had been critical of her. The complaint asserted claims arising under state law and various federal civil rights statutes, including allegations of a conspiracy under 42 U.S.C. § 1985(3). The district court entered summary judgment for defendants on all counts.

In ruling on the section 1985(3) charge, the district court did not deem it necessary to determine whether the statements of the staff were false, because there could not have been an actionable intra-corporate conspiracy in any event. As the court observed, "There simply are not two people which would be required for a conspiracy. That fails and everything else falls away into unimportance...." Conceding the possibility of an exception to the intra-corporate conspiracy rule, the court continued:

> "The only possible exception to that is if people are off doing things which are palpably beyond the scope of their employment. The falsity alleged by the plaintiff of these statements that were made in this petition is not of a character to allow any court to determine that these statements were made beyond the scope of the employment responsibilities ... The statements were made within the scope of that employment situation and that defeats, in and of itself, the claim of conspiracy in the [section 1985] claim."

Plaintiff has appealed, but she limits her challenge to the ruling on the conspiracy count.

We review a district court's grant of summary judgment de novo. *Brooks v. American Broadcasting Cos.*, 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is appropriately granted if the record developed through discovery shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

In *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the Court stated that the moving party may meet its burden by showing that there is an absence of evidence to support the nonmoving party's case. The nonmoving party must do more than merely present its own pleadings and affidavits. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). As the Supreme Court remarked in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

## II.

To establish a claim under 42 U.S.C. § 1985(3),[1] a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir.1994). Plaintiff must also establish that the conspiracy was motivated by a class-based animus. *Id.* at 653.

This Court has held that in cases brought under section 1985(3), a corporation cannot conspire with its own agents or employees. In *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir.1991), we stated: "[I]f all of the

1. Section 1985(3) reads:
   "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." This holding is generally labeled the "intracorporate conspiracy" doctrine. Although the precept is frequently discussed in the antitrust field, *see e.g., Copperweld Corp. v. Independence Tube Corp.,* 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984) and *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911 (5th Cir.1952), it is also applied in cases alleging civil rights conspiracies. *See e.g., Robison v. Canterbury Village, Inc.,* 848 F.2d 424, 431 (3d Cir.1988); *Buschi v. Kirven,* 775 F.2d 1240, 1251–52 (4th Cir.1985); *Doherty v. American Motors Corp.,* 728 F.2d 334, 339–40 (6th Cir.1984); *Girard v. 94th St. & Fifth Ave. Corp.,* 530 F.2d 66, 70–72 (2d Cir.1976); *Baker v. Stuart Broadcasting Co.,* 505 F.2d 181, 183 (8th Cir.1974). *But see Stathos v. Bowden,* 728 F.2d 15, 21 (1st Cir.1984); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n.,* 584 F.2d 1235, 1257 (3d Cir.1978) (en banc), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) (Supreme Court assumed but expressly withheld decision on the application of the intracorporate conspiracy doctrine to section 1985(3)).

The intracorporate conspiracy doctrine, if applied too broadly, could immunize all private conspiracies from redress where the actors coincidentally were employees of the same company. Aware of this possibility, courts have created a "scope of employment" exception that recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place.

In *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972), the Court held that a claim under section 1985(3) is not established "if the challenged conduct is essentially a single act of discrimination by a single business entity." The mere "fact that two or more agents participated in the decision or in the act itself will normally not" suffice to create a conspiracy. *Id.* The *Dombrowski* Court commented that it did not mean to "suggest that an agent's action within the scope of his authority will always avoid a conspiracy finding." *Id.*

The same Court of Appeals clarified its *Dombrowski* holding in *Travis v. Gary Community Mental Health Ctr., Inc.,* 921 F.2d 108 (7th Cir.1990). That case reiterated that "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory or retaliatory." *Id.* at 110. *Travis* also held that "[s]ection 1985 depends on multiple actors, not on multiple *acts* . . . ." Hence, "it does not matter whether the corporate managers took multiple steps to carry out their plan. . . ." *Id.* at 111.

Another Court of Appeals discussed a limitation to the intracorporate conspiracy doctrine in *Garza v. City of Omaha,* 814 F.2d 553 (8th Cir.1987). There, the Court held that a section 1985 "intracorporate conspiracy may be established where individual defendants are also named and those defendants act outside the scope of their employment for personal reasons." *Id.* at 556.

In *Hartman v. Board of Trustees of Community College Dist. No. 508, Cook County, Ill.,* 4 F.3d 465, 470 (7th Cir.1993), the Court questioned whether it was appropriate to hold corporate agents liable under section 1985(3) when their actions within the scope of employment were prompted, only partially, by personal racial animus. The *Hartman* Court concluded that a conspiracy could only be established if the employees' actions were solely the result of personal bias. *Id.*

The corporation's mission is also a substantial factor to be considered. A corporation formed for the purpose of depriving citizens of their civil rights would not be shielded by the intracorporate conspiracy doctrine. As *Dombrowski, Hartman,* and *Travis* make clear, members of the Ku Klux Klan could not avoid liability by incorporating.

Finally, corporate actors might be beyond the scope of their employment where the aim of the conspiracy exceeds the reach of legitimate corporate activity. Courts should be wary of situations in which corporate actors try to interfere with a plaintiff's access to public benefits or those of other entities. For example, a manufacturing corporation's employees might not be within the intracor-

porate conspiracy exception if, for racially discriminatory reasons, they attempted to prevent a person from renting an apartment owned by another company. That type of activity would be quite different from internal corporate decisions, which would almost always be within the scope of employment.

■ We have no occasion in the case before us to consider any exception to the intracorporate conspiracy doctrine other than that relating to scope of employment. After a careful review of the authorities, we hold that when employees act outside the course of their employment, they and the corporation may form a conspiracy under 42 U.S.C. § 1985(3).

### III.

■ In the case before us, plaintiff facially attacks the holding of *Hull* and, alternatively, argues that the individual defendants were acting beyond the scope of their employment. We are bound by the *Hull* holding under our internal operating procedures and thus decline the plaintiff's invitation to overrule that case. Consequently, the scope of employment issue is the only one that we may consider at this juncture.

Plaintiff contends that because a number of employees lacked the training and competence to question her medical judgment, their discussions on that score were beyond the scope of their employment responsibilities. Even if the employees lacked the necessary qualifications to prescribe proper medical treatment, that however, does not establish that they acted outside the course of their employment. It is clear that their comments were connected to the legitimate business of Hills & Dales General Hospital and the work of its staff. Whether the criticism was based on professional knowledge does not determine its relationship to the corporation's proper concerns.

Plaintiff asserts further that, in addition to racial bias, the employees wished to have her assigned to another hospital so that they would not have to work so hard. Even so, plaintiff has failed to overcome the facts that the employees' complaints were made during the course of their working hours, the re-

marks were connected to the business of the hospital, and they were forwarded to the proper managerial authorities. These factors need not be necessary guideposts in every case alleging activity beyond the scope of employment, but they are surely present here.

Finally, plaintiff argues that employee complaints containing rumors and falsehoods are per se beyond the scope of employment. As the trial judge remarked, it is not necessary that the complaints were based on fact—it is enough that they were directed to conditions that affected patient care and the morale of the hospital staff. In like vein, the hospital president's decision to request that plaintiff not be returned to the hospital in the future, based on the unrest she caused among the staff members, was obviously a legitimate managerial decision.

We conclude that plaintiff has failed to establish that the individual defendants acted outside the course of their employment. Therefore, the intracorporate conspiracy rule applies. Because plaintiff has failed to persuade us that an actionable conspiracy under 42 U.S.C. § 1985(3) existed, the judgment of the district court will be affirmed.