**SPECTRONICS CORPORATION,**
**Plaintiff,**

v.

**TCI/TKR OF JEFFERSON COUNTY,**
**INC. d/b/a TKR of Greater Louisville,**
**et al., defendant.**

**No. Civ.A. 3:97–CV–439–H.**

United States District Court,
W.D. Kentucky,
Louisville Division.

Aug. 20, 1998.

J. Bruce Miller, Angela Lee Summers, J. Bruce Miller Law Group, Louisville, KY, Kenneth Williams, Jr. [Intervening Pl.], Ashland, KY, for Plaintiff.

Laurence John Zielke, Randal Kent Perkins, Pedley, Zielke, Gordinier Olt & Pence, Louisville, KY, Stephen F. Schuster, Gene Lynn Humphreys, Ogden, Newell & Welch, Louisville, KY, Edgar C. Gentle, Michael K. Abernathy, Gentle, Pickens & Landon, Bir-

mingham, AL, Kenneth L. Sales, Segal, Isenberg, Sales, Stewart, Cutler & Tillman, Louisville, KY, for Defendant.

## MEMORANDUM AND ORDER

HEYBURN, District Judge.

The Court now considers the motion of TCI/TKR of Jefferson County, Inc., Custom Cable Services, Inc., and Glenn Dyer (the "Defendants") pursuant to Rules 12(c) and 12(b)(6) to dismiss the claim of Spectronics Corporation (the "Plaintiff") brought under 42 U.S.C. § 1985(3). The Court must deny a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no sets of facts which would entitle him to relief. *See Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). All factual allegations will be considered true and construed in the light most favorable to Plaintiff. *See id.*

■■■ To maintain a viable claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy involving two or more persons[1] (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws[2] and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir.1994).[3]

■ Like 42 U.S.C. § 1983, the statute does not confer any substantive rights, it merely provides a remedy for other federally protected rights. *See Great Am. Fed. Sav. & Loan Ass'n. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979).

Plaintiff seeks to meet these requirements by alleging a private conspiracy to violate his equal rights under 42 U.S.C. § 1981 to make and enforce contracts.[4] Plaintiff has alleged facts supporting a racially motivated conspiracy to prevent its participation in cable rebuild projects and completion of the upgrade labor agreements, acts in furtherance of that conspiracy, and resulting damages.

The issue here arises because § 1985(3) has a rather limited focus. The federal rights it protects must be rights protected against both private and state infringement. *See United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 3358–59, 77 L.Ed.2d 1049 (1983). In other words, a purely private conspiracy to violate a plaintiff's Thirteenth Amendment rights would be actionable under 42 U.S.C. § 1985(3), *see Breckenridge,* 91 S.Ct. at 1800, while a private conspiracy to violate First or Fourteenth Amendment rights would not, *see Scott,* 103 S.Ct. at 3358. Therefore, the question before the Court is whether 42 U.S.C. § 1981 affords the sort of rights capable of supporting a claim under 42 U.S.C. § 1985(3).

In addressing this question, Defendants focus on *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993), the Supreme Court's most recent discussion about the scope of § 1985(3). In *Bray,* the Court held that the right to an abortion was not among the federal rights protected against private, as well as official, encroachment. *See id.* at 764. The Court indicated that there were "few such rights" and that it had "hitherto recognized only the Thirteenth Amendment right to be free from involuntary servitude and . . .

---

**1.** A plaintiff may recover for a violation of his rights resulting from a purely private conspiracy devoid of any state involvement. *See Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 1799–1800, 29 L.Ed.2d 338 (1971).

**2.** A plaintiff must allege that the denial of equal protection was motivated by a racial or class-based animus. *See Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir.1994).

**3.** Though *Johnson* was decided after *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 113

S.Ct. 753, 122 L.Ed.2d 34 (1993), the Sixth Circuit affirmed the dismissal grounds which did not require considering whether plaintiff had asserted a right which § 1985(3) protected.

**4.** Defendants have suggested that the complaint fails to allege with sufficient specificity the federal rights on which the § 1985 claim is based. However, the Court believes that the complaint was clear enough to provide notice that Plaintiff intends § 1981 to provide a basis for the § 1985 claim.

the right of interstate travel." *Id.* (citation omitted). Defendants take this language to mean that these are the only two rights protected from purely private interference by § 1985(3). Plaintiff counters that § 1985(3) also may provide relief for violations of federal statutory rights such as the right under § 1981 to make and enforce contracts on an equal basis.

Fourteen years prior, in *Novotny, supra,* the Supreme Court held that § 1985(3) could not provide a remedy for violations of rights afforded by Title VII. The Court reasoned that permitting such recoveries would allow plaintiffs to circumvent the administrative framework crafted by Congress to govern Title VII claims. *See* 99 S.Ct. at 2350–51. The separate concurring opinions of Justice Powell and Justice Stevens took the more ambitious position that § 1985(3) only provides a remedy for violations of constitutional rights. *See id.* at 2352 (Powell, S., concurring), 2353 (Stevens, J., concurring). This is the position endorsed by Defendants. However, as several lower courts have noted, this holding was never expressly adopted by the Supreme Court. *See Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138, 1147 (S.D.Ohio 1982). Moreover, it would be reading far too much into Justice Scalia's *dicta* in *Bray* to conclude that the Supreme Court has foreclosed the possibility that § 1985(3) could protect federal rights other than those recognized so far. We know only that these rights are very few in number.

The Sixth Circuit has not addressed the specific question of whether § 1985(3) can provide a remedy for violations of § 1981. Prior to *Bray,* a number of district courts, including some in this circuit, held that it does provide a § 1981 remedy. *See Nieto v. United Auto Workers Local 598,* 672 F.Supp. 987, 992 (E.D.Mich.1987); *Witten v. A.H. Smith and Co.,* 567 F.Supp. 1063, 1072 (D.Md.1983); *Hudson v. Teamsters Local Union No. 957,* 536 F.Supp. 1138, 1147 (S.D.Ohio 1982). Since *Bray,* few lower courts in any jurisdiction have addressed this question. Though at least one district court

did conclude that § 1985(3) continues to provide a remedy for violations of § 1981, that court did not specifically address the impact of *Bray. See Wiggins v. Philip Morris, Inc.,* 853 F.Supp. 470, 480 (D.D.C.1994).

The upshot of all this is that neither *Bray,* nor the Sixth Circuit, has provided any specific guidance on this issue.[5] While *Bray* certainly narrows the possibilities, it does not eliminate all of them. In a comprehensive and well-reasoned opinion Judge James R. Miller, Jr., explained why he believed that § 1985(3) provides a remedy for violations of § 1981. *See Witten v. A.H. Smith and Company, supra.* Judge Miller concluded that both the express terms and the legislative history of § 1985 suggested that "the statute does not limit the scope of its redress to Constitutional violations." *Id.* at 1068. In this Court's view, general allegations of denial of equal protection based upon racial animus are the kind of fundamental statutory rights that § 1985(3) was intended to protect.

Judge Miller's opinion provides historical support for this view. It is not necessary to recapitulate his entire exegesis of the legislative history underlying the enactment of § 1985(3). However, the Court will briefly summarize his analysis. In the 1860s and 1870s, Congress, pursuant to its remedial powers under the Reconstruction Amendments, enacted what became the present-day §§ 1981 and 1985(3). *See id.* at 1071–72. It is therefore reasonable to conclude that Congress intended § 1985(3) to provide a remedy not only for violations of the Thirteenth and Fourteenth Amendments, but also for violations of rights conferred by § 1981, a statute enacted five years earlier to enforce those Amendments. *See id.* Judge Miller's reasoning remains sound even post-*Bray.*

The right conferred by § 1981 to be free from private interference in the making and enforcement of contracts arguably is precisely the sort of federal right which would be among the "few" giving rise to a remedy under § 1985(3). In *Bray, supra,* the

---

**5.** Though in at least one post-*Bray* published opinion, the Sixth Circuit has referred to "constitutional rights" protected by § 1985(3), these passing references cannot reasonably be seen as excluding federal statutory rights, especially since that precise issue was not addressed. *See Smith v. Thornburg,* 136 F.3d 1070, 1078 (6th Cir.1998).

§ 1985(3) claim failed in large measure because the Constitution does not protect abortion rights against private encroachment. *See* 113 S.Ct. at 764. By contrast, § 1981 rights are expressly protected against both "impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Moreover, unlike the alleged violations of the right to interstate travel in *Bray,* the violation of Plaintiff's equal rights to contract is arguably the intentional result of Defendants' conduct, rather than merely an incidental consequence of it. *See id.* at 762.

Therefore, absent further guidance from the Supreme Court or the Sixth Circuit, this Court concludes that Plaintiff's rights created by § 1981 are cognizable under § 1985(3). Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's § 1985(3) claim is DENIED.