Margaret E. LORENZI,
Plaintiff–Appellant,

v.

Edward J. LORENZI, et al.,
Defendants–Appellees.

No. 01–4336.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2002.

Before MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Margaret E. Lorenzi, an Ohio resident proceeding pro se, appeals the district court order dismissing her action filed pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lorenzi sued Edward J. Lorenzi, Mahoning County Court Judge Timothy Maloney, the Mahoning County Probate Court, St. Elizabeth Medical Center, Dr. Richard Myers, and Dr. Robert Algaier. Lorenzi alleged that the defendants violated her civil rights under federal and state law in connection with the civil commitment proceeding that led to Lorenzi's detention in the St. Elizabeth Medical Center. She also requested in forma pauperis status. The district court granted Lorenzi in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2). The court held that Lorenzi's complaint did not contain allegations reasonably suggesting that Lorenzi might have a valid federal claim against the defendants.

In her timely appeal, Lorenzi argues that: (1) her complaint contained grounds for federal jurisdiction; (2) the district court did not explain the decision to dismiss the complaint; (3) there is a contradiction in granting in forma pauperis status and dismissing the complaint; and (4) the district court took liberties in rephrasing the complaint.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C.

§ 1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

Upon review, we conclude that the district court properly dismissed Lorenzi's complaint because the complaint failed to state a claim under § 1983, § 1985(3), or § 1986. According to Lorenzi's complaint, she learned in October 2000 that her August 1996 civil commitment was not legal. She alleged violations of judicial ethics, an improper temporary order of detention, illegal seizure of person, lack of proper legal notifications, false and baseless diagnosis by a doctor she had never met, and violations of medical ethics. Lorenzi invoked the "Fourth and Fourteenth Articles of the Bill of Rights of the Constitution."

To state a cause of action under § 1983, a plaintiff must allege that: (1) she was deprived of a right secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir.1996). Even assuming Lorenzi's complaint sufficiently alleged the deprivation of a federal right, none of the named defendants are both state actors and amenable to suit. Lorenzi did not allege that Edward Lorenzi, St. Elizabeth Medical Center, Dr. Myers, or Dr. Algaier acted under color of state law, and Judge Maloney and the Mahoning County Probate Court are immune from suit. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam) (judicial immunity); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Eleventh Amendment immunity). Accordingly, Lorenzi has no § 1983 claim.

Nor did Lorenzi's complaint state a claim under § 1985(3) or § 1986. To maintain a cause of action under § 1985(3), a plaintiff must establish a conspiracy to deprive a person of equal protection of the laws and demonstrate that the conspiracy was motivated by a class-based animus, such as race. *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994). Section 1986 creates a cause of action for knowing failure to prevent a § 1985 conspiracy. Because Lorenzi did not allege that the defendants conspired against her because of her race, she has no § 1985(3) or § 1986 claim. *See Braley v. City of Pontiac,* 906 F.2d 220, 227 (6th Cir.1990) (plaintiff with no cause of action under § 1985 has no cause of action under § 1986).

Lorenzi's arguments on appeal do not address the deficiencies of her complaint and are without merit. Accepting all of her factual allegations as true, Lorenzi can prove no set of facts in support of her claim which would entitle her to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.