Richard C. NICHOLSON,
Plaintiff–Appellant,

v.

CITY OF WESTLAKE, et al.,
Defendants–Appellees.

No. 01–4083.

United States Court of Appeals,
Sixth Circuit.

Sept. 10, 2003.

Richard C. Nicholson, Centerline, MI, pro se.

Laura J. Avery, Reminger & Reminger, Douglas S. Musick, Roetzel & Andress, Cleveland, OH, for Defendant–Appellee.

Before NELSON and COLE, Circuit Judges, and ROSEN, District Judge.*

DAVID A. NELSON, Circuit Judge.

This is a pro se appeal of an order granting summary judgment to the defendants on claims of civil rights infringement and defamation. Upon de novo review of the record, we find ourselves in agreement with the district court's conclusion that the plaintiff failed to demonstrate genuine issues of material fact that would have made the entry of summary judgment inappropriate. The challenged order will be affirmed.

I

On June 4, 1999, the plaintiff, Richard Nicholson, was arrested for failing to stop at a red light and for driving under the influence of alcohol. A criminal complaint was subsequently filed against him by the City of Westlake, Ohio. Shortly thereafter, Mr. Nicholson filed a lawsuit against the city and others, alleging an infringement of his Fourth Amendment rights on the theory that he had been stopped solely on the basis of his race (African American) and without probable cause.

Responding to information provided by police officers, the prosecutor initiated an investigation to determine, among other things, whether statements made by Mr. Nicholson at the time of his arrest were consistent with the facts. A background check was conducted, and the plaintiff's co-workers were interviewed. This led to the filing of a second complaint by Mr. Nicholson approximately two months later.

* Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

The new complaint asserted that the defendants had violated 42 U.S.C. § 1983 by conducting an investigation into Mr. Nicholson's personal affairs in retaliation for his having filed the first lawsuit. In December, he amended the complaint to add claims of conspiracy to deprive him of his civil rights in violation of 42 U.S.C. §§ 1985 & 1986, infringement of his Equal Protection and First Amendment rights, and common law defamation. Finally, in January of 2001, the plaintiff filed a third complaint naming different police officers as defendants but asserting similar claims.

Meanwhile, in the DUI proceeding, Mr. Nicholson entered into a plea agreement in which he stated his intent to dismiss the pending lawsuits. In return, the prosecutor replaced the DUI charge with one of reckless operation of a motor vehicle. Mr. Nicholson pleaded no contest, and he was found guilty.

Despite the statement of intent, Mr. Nicholson continued with his lawsuits. The district court consolidated the three complaints and dismissed the Fourth Amendment claim. The defendants then moved for summary judgment on the remaining claims, and Mr. Nicholson filed a cross-motion for summary judgment with respect to the retaliation issue. The district court ruled in favor of the defendants, and this appeal, which is timely, followed.

## II

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, " 'the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion.' " *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)(quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)).

A retaliation claim under 42 U.S.C. § 1983 requires proof of three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in the conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. See *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999).

Both the first and the third elements of the test appear to be satisfied here. As the defendants concede, Mr. Nicholson's filing of the initial lawsuit constituted protected conduct under the First Amendment right to "petition the Government for redress of grievances." In support of the third element, the plaintiff relies on deposition testimony by Westlake's chief of police that the subsequent investigation into Mr. Nicholson's personal affairs was commenced in relation to "the lawsuit." While it may be unclear whether the chief was referring to the criminal proceeding or any of the other pending lawsuits involving Mr. Nicholson and the city, the statement could reasonably be construed to suggest a causal connection between Mr. Nicholson's filing of the lawsuit and the police department's investigation.

■ The plaintiff fails, however, to show a genuine issue of material fact with respect to the second element. Whether a person of ordinary firmness would be deterred from continuing the lawsuits because of the defendants' conduct is a purely objective inquiry. See *Thaddeus–X*, 175

F.3d at 398. Here the investigation involved a background check and interviews with Mr. Nicholson's co-workers. The record discloses nothing sufficiently threatening to quell the litigious urges of a person of objectively ordinary resolve. The questioning of Mr. Nicholson's acquaintances, none of whom was in a position of influence over him, was simply not coercive, in our view.

In arguing that a person of ordinary firmness would be deterred from continuing the litigation, Mr. Nicholson says that he moved out of Westlake for fear that he would otherwise suffer physical harm. He refers in this connection to discussions between the police department and his former employer. In our examination of the record, however, we have found nothing that could objectively be viewed as warranting concern about physical injury.

Mr. Nicholson also argues that the defendants violated his Equal Protection and First Amendment rights. The arguments are unpersuasive.

■ The Equal Protection Clause requires that "similarly situated individuals" be treated in a like manner. See *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir.1996). On a motion for summary judgment, the plaintiff shoulders the burden of identifying disparate treatment of such "similarly situated individuals." *Id.* The deposition testimony of Westlake Police Captain Turner is the sole item to which Mr. Nicholson points as evidentiary support for his equal protection claim. The captain said that he had never authorized an investigation into the background of a white motorist arrested for DUI. But there is no evidence of any white motorist ever having sued the city in a situation comparable to Mr. Nicholson's—and if a white motorist had followed Mr. Nicholson's playbook, we have no reason to suppose that his actions would not have evoked a similar response from the city.

A lack of supporting evidence likewise undermines the First Amendment claim. Mr. Nicholson alleges a violation of his right of petition, but proffers no evidence that the right was in fact infringed. Mr. Nicholson has done quite a lot of petitioning, after all, and he has failed to show any impermissible impediment to his right to do so.

We next address the claims of conspiracy in violation of 42 U.S.C. §§ 1985 & 1986. Under § 1985(3), the plaintiff must prove the following:

"(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.1994)

■ The second part of this test requires proof that "the conspiracy was motivated by 'some racial ... animus.'" *Haverstick Enterprises, Inc. v. Financial Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir.1994)(quoting *United Bros. of Carpenters and Joiners of Am. v. Scott*, 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). As mentioned above, Mr. Nicholson has pointed to no evidence suggesting that similarly situated individuals were treated differently and that, therefore, the investigation might have been prompted by racial animus.

The alleged violation of § 1986 must fail as well. Section 1986 prohibits the aiding and abetting of violations of § 1985 and thus is derivative of § 1985. *Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir.1980).

Since we find no violation of § 1985, there can be no violation of § 1986.

Mr. Nicholson offers no arguments on appeal with regard to the district court's disposition of the defamation claim. Further discussion of that issue is therefore unnecessary.

For the reasons stated, and for substantially all of the reasons given by the district court, the order is **AFFIRMED**.