**David GOSSETT, et al., Plaintiffs,**

**v.**

**BYRON PRODUCTS, INC., Defendant.**

**Case No. 1:02–CV–736.**

United States District Court,
S.D. Ohio,
Western Division.

Dec. 30, 2005.

Gerald Francis Kaminski, U.S. Attorney, Ann Louise Lugbill, Paul Henry Tobias, Cincinnati, OH, Michael F. Hertz, Department of Justice, Reuben A. Guttman, Milberg, Weiss, Bersha & Schulman, Washington, DC, for Plaintiffs.

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT BYRON PRODUCTS' MOTION TO DISMISS COUNTS II, III, AND IV OF THE PLAINTIFFS' AMENDED COMPLAINT. DOC. 27.**

ROSE, District Judge.

Pending before the Court is Defendant Byron Products' Motion to Dismiss Counts II, III, and IV of the Plaintiffs Amended Compliant. Doc. 27. The Court decides this motion to dismiss according to Federal Rule of Civil Procedure 12(b)(6). Defendant Byron Products, Inc. ("Byron") formerly employed Plaintiffs David Gossett and Ann Gersbach but terminated them in 2002. Plaintiffs seek to recover employment retaliation and whistleblower damages in four claims of the Amended Complaint. Doc. 22. Count I alleges a violation of 31 U.S.C. § 3730(h), which punishes employer retaliation against employees who take lawful actions in furtherance of a False Claims Act action. Count II alleges a violation of 42 U.S.C. § 1985, which prevents two or more persons from conspiring to injure a person who was involved in a court proceeding. Count III alleges an Ohio public policy tort against the Defendants. Count IV alleges a violation of the Ohio whistleblower statute, Ohio Revised Code Annotated § 4113.52.

Because Plaintiffs did not allege "two or more persons" conspired against them, the Court will grant Defendant's Motion to

Dismiss Plaintiffs' Count II claims. The Court will also grant the motion with respect to Plaintiff Gersbach's Count IV claim because Plaintiff Gersbach brought her claims out of time according to Ohio Revised Code Annotated § 4113.52(D). The Court will deny the motion with respect to Plaintiff Gossett's Count IV claims because Plaintiff Gossett brought his claim within the time allowed by Ohio Revised Code Annotated § 4113.52(D). Finally, the motion will be granted with regard Count III, because common law violation of public policy only exists for claims of violation of clearly established public policies distinct from Ohio Revised Code § 4113.52.

## I. PROCEDURAL HISTORY AND CLAIM HISTORY

Plaintiffs, David Gossett and Ann Gersbach, filed this action on October 11, 2002. Doc. 1. The Complaint was filed under seal pursuant to the False Claims Act, 31 U.S.C. § 3729, et seq. (2005). On February 27, 2004, the United States filed a Notice with the Court declining intervention into the action. Doc. 13. Subsequently, on March 18, 2004, the Court ordered the Complaint, Doc. 1, the Notice, Doc. 13, and all subsequent filings unsealed. See Doc. 14. Plaintiffs followed the election of the United States not to intervene with a motion to dismiss Defendant General Electric Company and all False Claims Act qui tam claims. Doc. 18. Plaintiffs further moved the Court for leave to file an Amended Complaint and leave to serve the same on Defendant Byron. Id. On June 22, 2004, the Court granted Plaintiffs' Motion and ordered Plaintiffs to file and serve their Amended Complaint upon Defendant Byron within 120 days. Defendant subsequently filed a Motion to Dismiss for Lack of Prosecution on November 10, 2004, Doc. 20, which the Court denied November 22, 2004, Doc. 25.

Plaintiffs filed their Amended Complaint on November 12, 2004, Doc. 22, and served the same, along with a summons, on Byron Products on November 16, 2004, Doc. 26. Defendant Byron answered the complaint, Doc. 28, and filed Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint on December 6, 2004, Doc. 27. Plaintiffs filed a response to this motion on December 27, 2004, Doc. 29, to which Defendant Byron Products replied on January 7, 2005, Doc. 30.

## II. FACTUAL BACKGROUND

In light of the procedural posture of the instant action, the Court will accept as true all facts alleged in the complaint. The compliant alleges that Plaintiff Gossett worked at Defendant Byron Products from March 13, 2001 to April 16, 2002, and Plaintiff Gersbach worked at Byron Products from July 31, 2001 to January 3, 2002. Doc. 22, ¶¶ 6, 7. Defendant manufactures metal aircraft engine parts with its principal place of business in Fairfield, Ohio and is incorporated in Ohio. Id. at ¶ 8. Plaintiffs allege the Defendant engaged in a scheme to produce non-conforming parts, while performing work under Government contracts or subcontracts. Id. at ¶ 12. Plaintiffs allege Defendant Byron failed to maintain internal controls, consistent with the contractually required ISO 9000 process; failed to record individual operations performed on a particular part bearing a unique identifying or serial number, normally called a "traveler" or "router"; and otherwise failed to fulfill its contractual obligations to produce parts under appropriate procedures and through a quality-controlled process. Id. at ¶ 15. Further, Plaintiffs allege Defendant Byron approved and shipped these parts. Id. at ¶ 16. Plaintiffs state they complained to Byron management about these defective processes and procedures and in some in-

stances rejected the parts in order to avoid shipment to customers. *Id.* at ¶ 17. Plaintiffs also state they reported the violations to their superiors at Byron and appropriate Government officials prior to filing this action. *Id.* at ¶ 18.

In January 2002, Byron Products terminated Plaintiff Gersbach after she complained to Byron's management about the inadequacies of its manufacturing processes. *Id.* at ¶ 21. On April 16, 2002, Defendant Byron's President Rick Henry terminated Plaintiff Gossett. *Id.* at ¶ 22.

Also in 2002, Defendant Byron was involved in a lawsuit filed June 10, 2002, concerning allegations of trade secret misappropriation. *Id.* at ¶ 23. Plaintiffs testified in depositions for the suit and at the trial in an adverse manner to Defendant Byron. *Id.* In 2003, Defendant Byron's authorized agents or officers reported to a prospective employer of Plaintiff Gossett that Gossett had been the impetus of the Barnes lawsuit against Byron, and the employer did not offer Plaintiff Gossett employment. *Id.* at ¶ 25. The Plaintiffs allege further retaliation such as: harassment, intimidation, and creation of a hostile work environment. *Id.* at ¶ 26. Plaintiffs seek to recover damages from employment retaliation and whistleblower damages. *Id.* at ¶ 1.

## III. ANALYSIS

To properly analyze this motion to dismiss, the Court must: first, verify the Court has subject-matter jurisdiction over the suit; second, establish the standard of review; and third, analyze the three counts considered for dismissal. Thus, a review of this Court's subject matter jurisdiction follows.

### A. Jurisdiction

"[F]ederal courts, being courts of limited jurisdiction, must examine their subject-matter jurisdiction throughout the pendency of *every* matter before them." *Children's Healthcare is a Legal Duty, Inc. v. Deters,* 92 F.3d 1412, 1419 (6th Cir.1996) (citations omitted; emphasis in original). Plaintiffs allege four causes of action against Byron Products. Doc. 1, ¶ 2. These are: (1) unlawful retaliation under 31 U.S.C. § 3730(h); (2) unlawful retaliation against witnesses under 42 U.S.C. § 1985; (3) unlawful retaliation, allegedly a tortious violation of Ohio public policy; and (4) unlawful retaliation under Ohio's Whistleblower Act, Ohio Revised Code Annotated § 4113.52 (2005). Doc. 1.

This Court has jurisdiction over the subject matter of all four causes of action in the complaint. Jurisdiction in this action is proper for Count I pursuant to 31 U.S.C. § 3732(a) (2005), and Count II pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States. 28 U.S.C. § 1331 (2005). Jurisdiction is proper for Counts III and IV pursuant to 28 U.S.C. 1367 in that the Ohio state law claims are so related to the federal law claims that they form part of the same case or controversy. 28 U.S.C. § 1367 (2005). Therefore, the Court has proper jurisdiction over this matter.

### B. Standard of Review

The Court reviews this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) contending that Plaintiffs fail to state claims "upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe Plaintiffs' Complaint in the light most favorable to Plaintiffs, accepting all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Roth Steel Prod. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th

Cir.1983). The Court will accept as true all reasonable inferences that might be drawn from complaint, *Fitzke v. Shappell,* 468 F.2d 1072, 1076–77 n. 6 (6th Cir.1972), but will not accept conclusions of law or unwarranted inferences which are presented as factual allegations, *Blackburn v. Fisk Univ.,* 443 F.2d 121, 124 (6th Cir.1971). When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, the Court will not dismiss a compliant for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### C. Analysis of Motion to Dismiss Counts II, III, and IV.

The Court will next decide Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Amended Complaint, Doc. 27. The Court will address Count II, Count IV, and then address Count III.

#### 1. Count II, Violation of 42 U.S.C. § 1985

 Plaintiffs allege a violation of 42 U.S.C. § 1985; their response to the motion to dismiss clarifies that this claim is particularly under 42 U.S.C. § 1985(2). The facts of this matter can be considered in light of the statute. The statute, 42 U.S.C. § 1985, provides:

(2) Obstructing justice; intimidating party, witness, or juror

If *two or more persons* in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or *to injure such party or witness in his person or property on account of his having so*

*attended or testified,* or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; ...

42 U.S.C. § 1985(2) (2005).

Plaintiffs' Amended Complaint names one defendant, Byron Products. As Defendant asserts, since 42 U.S.C. § 1985(2) requires a conspiracy between two or more persons, Defendant Byron cannot conspire with itself. Admittedly, one could construe the allegation that "Defendant's management engaged in an ongoing pattern of behavior," and consider "management" to be two or more persons. This position fails too, however, since the intracorporate conspiracy doctrine provides that a corporation cannot conspire with its own employees as such a situation would be akin to conspiring with itself. See *Doherty v. American Motors Corp.,* 728 F.2d 334, 339 (6th Cir.1984); see also *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 840 (6th Cir.1994) (citing *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972)); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 510 (6th Cir.1991) (noting that if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy"). Because Plaintiffs have not alleged that "two or

more persons" have conspired against them, Plaintiffs have failed to state a claim for which relief can be granted in Count II of their Amended Complaint. Therefore, Count II of Plaintiffs' Amended Complaint will be dismissed.

### 2. Count IV, Claim under Ohio Revised Code Annotated § 4113.52

■ Defendants also assert that Plaintiff Gersbach brought her Count IV claim under Ohio Revised Code Annotated § 4113.52, out of time. Pursuant to Ohio Revised Code Annotated § 4113.52(D), a civil action may be brought "within one-hundred-eighty days after the date the disciplinary or retaliatory action was taken ... in accordance with the Rules of Civil Procedure." Ohio Rev.Code Ann. § 4113.52(D) (2005).

Byron Products terminated Plaintiff Gersbach on or about January 3, 2002. Doc. 22. The Plaintiffs filed their claims October 11, 2002. Doc. 1. From the time of Plaintiff Gersbach's termination to the filing of her claim, 281 days elapsed. Because Plaintiff Gersbach brought the claim more than 180 days after the termination, Plaintiff Gersbach's Count IV claim under Ohio Revised Code Annotated § 4113.52 was brought out of time and must be dismissed.

Because Defendant Byron did not terminate Plaintiff Gossett until April 16, 2002, however, only 178 days ran against Gossett's statute of limitations before Plaintiffs filed the complaint. Doc. 1. Nevertheless, Defendant points out that Plaintiff did not serve the original complaint on Byron. Byron received Plaintiff's Amended Complaint, Doc. 22, on November 16, 2004, 942 days after the alleged termination, because Plaintiffs' complaint was sealed pursuant to 31 U.S.C. § 3729, et seq. (2005).

Pursuant to Ohio Revised Code Annotated § 4113.52(D), Plaintiff Gossett needed to bring his claim "within one hundred eighty days after the date the disciplinary or retaliatory action was taken ... in accordance with the Rules of Civil Procedure." Ohio Rev.Code Ann. § 4113.52(D). The applicable Federal and Ohio Civil Rule states: a civil action is commenced by filing a complaint. Ohio Civ. R. 3 (2005); Fed.R.Civ.P. 3. Despite the long period of time between the filing of the original complaint and service upon Defendant Byron, Plaintiff Gossett did file his original complaint within the 180 day statute of limitations period of Ohio Revised Code Annotated § 4113.52(D), as he filed the sealed complaint 178 days after his termination. See U.S. ex rel. Downy v. Corning, Inc., 118 F.Supp.2d 1160, 1171–1172 (D.N.M. 2000) (sealing a Federal Claims Act complaint cuts off the running of the limitations period at the time of filing).

Because Plaintiff Gersbach brought her Count IV claim under Ohio Revised Code Annotated § 4113.52 out of time, the Court will grant Defendant Byron's Motion to Dismiss Plaintiff Gersbach's Count IV claim. Because Plaintiff Gossett brought his Count IV claim under Ohio Revised Code Annotated § 4113.52 within the 180 day time frame proscribed in Ohio Revised Code Annotated § 4113.52(D), the Court denies Defendant Byron's Motion to Dismiss Plaintiff Gossett's Count IV claim.

### 3. Count III, Ohio Public Policy Tort Claim

■ Plaintiffs' Count III claim asserts a violation of Ohio public policy. In order to state a claim of wrongful discharge in violation of public policy, a plaintiff must allege facts demonstrating that the employer's act of discharging him contravened a clear public policy. See Greeley v. Miami Valley Maintenance Contractors, Inc., 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). Whereas Plaintiffs'

claimed violation of Ohio Revised Code § 4113.52 in Count IV requires strict compliance with that statute's stipulated manner of whistleblowing, including its 180–day statute of limitations, the Ohio Supreme Court has held that an at-will employee may maintain a common-law public-policy claim regardless of whether the employee has complied with the whistleblower statute, "if he can identify a source of public policy separate from the public policy embodied in R.C. 4113.52." *Kulch v. Structural Fibers*, 78 Ohio St.3d 134, 677 N.E.2d 308 (1997). An employee can base the clear public policy on Ohio law, the Constitution of Ohio or the United States, administrative rules and regulations, or the common law. *Kulch v. Structural Fibers*, 78 Ohio St.3d 134, 677 N.E.2d 308, 320–21 (1997).

In the instant case, Plaintiffs assert "a duty under various provisions of federal and state law, including but not limited to, to refrain from discriminating against employees who assist in proceedings to carry out the purposes of the federal and state laws." Doc. 22, ¶ 42. Plaintiffs later describe this duty as one "to refrain from taking retaliatory actions against employees who take lawful actions in furtherance of a False Claims Act action, including investigation for, testimony for, or assistance in an action filed under this section and testimony in case and court proceedings." *Id.* at ¶ 47.

A common law claim of violation of public policy, however, requires a source of public policy separate from the public policy embodied in R.C. 4113.52. *Kulch v. Structural Fibers*, 78 Ohio St.3d 134, 677 N.E.2d 308 (1997). Plaintiffs' response does not point to any source for the public policy it asserts. See Doc. 29, at 4–6. The Court will consider the possibility of 31 U.S.C. § 3730(h) as a source for this policy. This statute requires employers to refrain from retaliation against employees who take lawful actions in furtherance of a False Claims Act action. 31 U.S.C. § 3730(h) (2005). Proceedings in furtherance of a False Claims Act action, however, are just a subset of the types of actions protected by Ohio Revised Code § 4113.52, which prohibits employer retaliation for reporting a violation of any law by one's company or fellow employees. Ohio Rev. Code § 4113.52. The policy established in 31 U.S.C. § 3730(h), and the policy stated in Plaintiffs' Count III, are thus substantially similar to Ohio Revised Code § 4113.52. Thus, there is no independent common law action as claimed in Count III. The Court will thus grant Defendant's motion to dismiss Count III.

## IV. CONCLUSION

Defendant Byron's Motion to Dismiss Counts II, III and IV of the Plaintiffs' Amended Complaint, Doc. 27, is **GRANTED IN PART AND DENIED IN PART** pursuant to Fed.R.Civ.P. 12(b)(6). The Court **GRANTS** the motion with respect to Plaintiffs' Count II claims because Plaintiffs did not allege "two or more persons" conspired against them. Because Plaintiff Gersbach brought her claims out of time according to Ohio Revised Code § 4113.52(D), the Court also grants the motion with respect to Plaintiff Gersbach's Count IV claims, but **DENIES** the motion with regard Gossett, who brought his claim in time. The Court **GRANTS** the motion with respect to Plaintiffs' Count III because the public policy that Count III alleges to have been violated is protected by Ohio Revised Code § 4112.53.

DONE and ORDERED in Dayton, Ohio,

this Friday, December 30, 2005.[1]

---

1. The Court acknowledges the valuable contribution and assistance of judicial intern Kenneth Scott Newman in drafting this opinion.