NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0043n.06

No. 17-3458

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 22, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STATE OF OHIO ex rel. KEITH D. MOORE, Relator, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | |
| JOSHUA BERKOWITZ, | ) ) | |
| Plaintiff, | ) ) ) | |
| CITY OF NORWOOD, OHIO; THOMAS F. WILLIAMS, individually and as Mayor, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| Appellees, | ) ) | |
| v. | ) ) | |
| BRAHMA INVESTMENT GROUP, INC.; CALIFORNIA PACIFIC HOSPITALITY, LLC, | ) ) ) | |
| Defendants-Appellants. | ) | |

BEFORE:    SUHRHEINRICH, SUTTON, and BUSH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.    After receiving numerous complaints of illicit drug sales and prostitution at the Quality Hotel and Suites Central in the City of Norwood, Hamilton County, Ohio, the Law Director for the City of Norwood, Relator Joshua Berkowitz ("Relator" or "Berkowitz"),[1] obtained a temporary injunction declaring the hotel a nuisance and shutting it down. Brahma Investment Group, Inc. ("Brahma") and California Pacific Hospitality, LLC ("Cal Pac") (collectively "Appellants"), the owners of the property, removed the matter to federal district court on diversity jurisdiction grounds, and filed a counterclaim against Relator

---

[1] Appellants later brought claims against Berkowitz's successor, Keith D. Moore, also in his official capacity.

and a third-party complaint against the City of Norwood ("City"), and its mayor, Thomas Williams ("Williams"), alleging that Relator, Norwood, and Williams were motivated by discriminatory animus in bringing the nuisance action. The district court ultimately dismissed Relator and granted judgment on the pleadings to Norwood and Williams. On appeal, Appellants claim that the district court erred in issuing the preliminary injunction and dismissing their counterclaims and third-party complaint.

## I.

From January 2012 through May 2014, Norwood's police department received over thirty criminal offense reports of felony drug sales and prostitution. The police department and the Federal Bureau of Investigation ("FBI") also investigated. On June 2, 2014, Berkowitz filed a verified petition pursuant to Ohio Revised Code §§ 3767.02-.03 in the Hamilton County Court of Common Pleas against Brahma (but not against co-owner Cal Pac) seeking to have the property declared a public nuisance. The Hamilton County Court of Common Pleas entered an *ex parte* temporary restraining order the same day and closed the property. On June 16, 2014, the state court held an evidentiary hearing on Berkowitz's motion for a preliminary injunction, and set a trial date of July 23, 2014. On June 25, 2014, the state court granted a preliminary injunction ordering the property to remain closed pending the court's ruling on Relator's petition for permanent injunction (which never occurred).

At some point prior to the preliminary injunction hearing, Brahma transferred its interest in the property to George W. Fels, CPA, as assignee for the benefit of creditors, and a case was opened in probate court. On July 1, 2014, Brahma removed the nuisance action to the district court. On July 28, 2014, Cal Pac filed a "Request of Interested Non-Party California Pacific Hospitality, LLC for Release of Property." The district court denied the request as moot at that

time because the parties were negotiating the sale of the property. After negotiations failed, on July 30, 2015, the district court granted Appellants' motion for a declaration that the preliminary injunction order entered by the state court expired pursuant to statute on June 1, 2015.

Meanwhile, on December 9, 2015, the property was transferred by a receiver's sale to Intervenor Unlimited Hotels, Inc. ("Unlimited").

On March 8, 2016, Brahma filed an answer to the verified complaint and Appellants filed their counterclaims against the City and third party complaint against Williams. Appellants alleged that the temporary restraining order was motivated by discriminatory animus in violation of 42 U.S.C. §§ 1981, 1983, and 1985; and that the failure to name Cal Pac in the state action violated due process. They further claimed that the City and Williams' actions interfered with their property rights under the Ohio Constitution and amounted to conversion of those interests.

On May 2, 2016, Appellees City and Williams filed their answer to the counterclaims and third party complaint and also filed a motion for judgment on the pleadings. On October 18, 2016, Relator and Unlimited filed a joint motion to dismiss the *in rem* claims because the preliminary injunction had expired and the Hotel was under new ownership. On March 29, 2017, the district court granted the motion to dismiss the state-law nuisance claim, noting that Brahma agreed that the state-law nuisance claim and demand for injunctive relief were moot. The court therefore dismissed Relator and Unlimited from the action.

The same day, by separate order, the district court granted Appellees City's and Williams' motion for judgment on the pleadings. Noting that the claims against the City were based on the alleged wrongdoing of Berkowitz, the district court held that the City was not liable under §§ 1981 or 1983 because (1) a municipality such as the City cannot be liable for its employee's behavior on a *respondeat superior* theory; (2) Berkowitz was acting on behalf of the

State of Ohio, not the City, when he brought the nuisance action pursuant to Ohio Revised Code § 3767.03; and (3) Appellants had not alleged any unconstitutional policy or custom by the City. The court also held that Williams was not liable under §§ 1981 or 1983 for failing to supervise Berkowitz because Appellants had not alleged facts to support a finding of deliberate indifference to his actions. The court found no § 1985 conspiracy to selectively enforce the Ohio nuisance statute against Appellants as a pretext for discrimination because they failed to allege that Williams acted outside his scope of employment as mayor to satisfy the exception to the intracorporate conspiracy doctrine. Finally, the court rejected Appellants' conversion claim because the facts alleged did not show that Williams' behavior was sufficiently wanton or reckless to qualify for the exception to statutory immunity for employees of political subdivisions, *see* Ohio Rev. Code § 2744.03(A)(6), or that a statutory exception applied to the City's immunity, *see* Ohio Rev. Code § 2744.02(B).

This appeal followed.

## II.

Appellants raise two issues. First, they challenge the state court's order granting Relator's preliminary injunction. That order is moot however, because as the district court noted, it expired on June 1, 2015, per statutory fiat. *See* Ohio Rev. Code § 3767.06(A). We therefore lack jurisdiction over this claim. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 398 (1981). Furthermore, Appellants also lack standing, because as of December 9, 2015, they no longer had any ownership interest in the property. *See Brownlow v. Schwartz*, 261 U.S. 216, 217-18 (1923).

Appellants also challenge the district court's dismissal of their counterclaims against the City and their third-party claims against Williams. Because Berkowitz brought the nuisance

action on behalf of the State, not the City, all claims against the City and Williams were properly dismissed. *See* Ohio Rev. Code § 3767.03; *Cady v. Arenac Cty.*, 574 F.3d 334, 345 (6th Cir. 2009) (holding that county prosecutor was acting as agent of the State of Michigan rather than the county when he issued criminal charges); *Pusey v. City of Youngstown*, 11 F.3d 652, 659 (6th Cir. 1993) (same). Under *Monell*, the City cannot be liable for Berkowitz's actions simply because it is Berkowitz's employer, and Williams cannot be liable simply because he was Berkowitz's supervisor. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Appellants have not alleged a specific custom or policy of allowing Berkowitz (or any Law Director) to bring illegal actions or turn a blind eye to the filing of discriminatory lawsuits. *See id.* at 694 (to establish municipal liability under § 1983, a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury); *Amerson v. Waterford Twp.*, 562 F. App'x 484, 492 (6th Cir. 2014) (failure-to-supervise claim requires the plaintiff to show that the city acted with deliberate indifference to the constitutional violation and that it was the moving force behind the violation). In short, even if Relator violated Appellants' federal and state rights, the City and Williams are not liable.

This leaves solely the possibility of a conspiracy claim in violation of § 1985(3). To state such a claim, plaintiffs must prove a conspiracy to deprive a person or class of persons of the equal protection of the laws, and an act in furtherance of the conspiracy which causes the constitutional deprivation. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Appellants have made only conclusory allegations to support their claim of illegal discriminatory conduct. Although they allege that the majority shareholders of Brahma and Cal Pac are of Asian-Indian ethnicity who espouse the Hindu religion they do not allege that the City, Williams, and their agents even knew of the ethnicity and religious orientation of the

property owners, or that they treated similarly situated persons differently. *See* 42 U.S.C. § 1985(3); *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010) ("To sustain a claim under section 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it."); *Bartell v. Lohiser*, 215 F.3d 550, 559 (6th Cir. 2000) (§ 1985(3) requires that a claimant demonstrate that the conspiracy was motivated by a class-based animus).

Furthermore, Appellants made only conclusory allegations to support their claim of illegal, discriminatory conduct, and made no allegations of a shared plan or agreement among Berkowitz (acting as an agent of the State), the City, and Williams to violate their federal civil rights. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987) (§ 1985 conspiracy claims must be pled with specificity). *See generally Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (Rule 12(c) applies the same standards as for a motion under Rule 12(b)(6); the plaintiff must plead sufficient factual matter to render the claim plausible, a legal conclusion couched as a factual allegation is not sufficient).

Finally, as the district court held, Appellants have not set forth sufficient facts to show that Williams was engaged in personal pursuits rather than acting within the scope of his employment as mayor to save this claim from the intracorporate conspiracy doctrine. *See Johnson*, 40 F.3d at 839-40, 841 (6th Cir. 1994) (intracorporate conspiracy doctrine holds that employees who work for the same agency cannot conspire with themselves; creating an exception where employees act outside the course of their employment).

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.